Case 6:15-cv-00092 Document 30 Filed in TXSD on 05/26/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TERRI ELLIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-15-0092 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on the Motion for Reconsideration [Doc. # 28] filed by Plaintiff Terri Ellis, to which Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a Response [Doc. # 29]. Plaintiff neither filed a reply nor requested additional time to file one. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion for Reconsideration.

## **I.  BACKGROUND**

In March 2003, Plaintiff executed a Note and Deed of Trust in connection with property located at 2205 East Mistletoe Avenue in Victoria, Texas (the "Property"). Plaintiff admits that by early 2014 she "was behind approximately $21,000" on the payments due under the Note. *See* First Amended Complaint [Doc. # 21], ¶ 6. Plaintiff alleges that, at that time, she spoke with a Wells Fargo representative who suggested she apply for a loan modification. Plaintiff alleges that she made the

Case 6:15-cv-00092   Document 30   Filed in TXSD on 05/26/16   Page 2 of 9

application and paid $15,000 toward the balance due under the Note. Plaintiff alleges that, notwithstanding the loan modification application and $15,000 payment, Wells Fargo foreclosed on the Property in September 2014.

Plaintiff filed this lawsuit in Texas state court in October 2015, seeking to avoid eviction from the Property. Wells Fargo filed a timely Notice of Removal [Doc. # 1] and moved to dismiss [Doc. # 10]. By Order [Doc. # 20] entered February 9, 2016, the Court denied without prejudice Defendant's motion to dismiss and directed Plaintiff to file an Amended Complaint. Plaintiff filed her First Amended Complaint on March 4, 2016, as ordered by the Court.

Wells Fargo filed a Motion to Dismiss [Doc. # 25] the First Amended Complaint. After Plaintiff failed to file any opposition to the Motion to Dismiss, the Court issued an Order [Doc. # 26] on April 11, 2016 (the "April 11 Order") directing Plaintiff to file any opposition to the Motion to Dismiss by April 18, 2016, and cautioning Plaintiff that failure to respond would result in the Motion to Dismiss being granted as unopposed. Plaintiff failed to file any response to the Motion to Dismiss. Therefore, by Order [Doc. # 27] entered April 21, 2016, the Court granted Wells Fargo's Motion to Dismiss.

Plaintiff filed a Motion for Reconsideration on April 25, 2016. Plaintiff's counsel asserts that she did not receive either the Motion to Dismiss or this Court's

April 11 Order. Defendant has filed its opposition to the Motion for Reconsideration, which is now ripe for decision.

## II.   LEGAL STANDARD FOR RECONSIDERATION

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment within 28 days after the judgment is entered. *See* FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

## III.   ANALYSIS

The assertion by Plaintiff's counsel that she did not receive either the Motion to Dismiss or the April 11 Order is not supported by the record. The Court's

Electronic Case Filing ("ECF") system reflects that the Motion to Dismiss and the April 11 Order were both sent electronically to three different email addresses associated with Plaintiff's counsel.  It is unlikely that none of the six emails was properly delivered, and the failure of Plaintiff's counsel or her staff to review emails from the ECF system is not a valid basis for reconsideration of the Court's order dismissing Plaintiff's lawsuit.

In the interest of fairness and justice, however, the Court has again carefully reviewed the Motion to Dismiss and applicable legal authorities.  Based on this review, the Court concludes that the lawsuit is subject to dismissal on the merits as well as based on Plaintiff's failure to file any opposition.

Plaintiff asserts a claim under § 51.002 of the Texas Property Code.  Section 51.002 claims are construed as wrongful foreclosure claims.  *See Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 577 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013).  A claim for wrongful foreclosure under Texas law has three elements:  (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 & n.11 (5th Cir. 2013) (citing *Charter Nat'l Bank – Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex. App. – Houston [14th Dist.] 1989, writ denied)).  Plaintiff has failed to allege that the foreclosure

resulted in a grossly inadequate selling price and, on that basis, the claim is subject to dismissal. Additionally, Plaintiff's continued possession of the Property precludes her wrongful foreclosure claim. *See Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, *7 (S.D. Tex. Jan. 24, 2013), and cases cited therein. Finally, "in order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender – not just offer to tender – the full amount owed on the note." *See Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, *9 (S.D. Tex. June 6, 2012), and cases cited therein. There is no allegation that Plaintiff has tendered the full amount owed under the Note.

Plaintiff's fraud-based claims fail to allege fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure. Plaintiff's fraud claim based on an alleged failure to disclose information fails because Plaintiff does not allege a factual basis for any duty on Wells Fargo to disclose additional information. *See 7979 Airport Garage, L.L.C. v. Dollar Rent-A-Car Sys., Inc.*, 245 S.W.3d 488, 507 n.27 (Tex. App. – Houston [14th Dist.] 2007, no pet.) (holding that "a failure to disclose information does not constitute fraud unless there is a duty to disclose the information").

Plaintiff asserts a promissory estoppel claim in which she alleges that Defendant is estopped to assert a right to possession of the Property because Wells

Fargo's bankruptcy attorney allegedly told Plaintiff that Wells Fargo would treat the foreclosure sale as a "no sale." Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound in order to be enforceable. *See Martins*, 722 F.3d at 256 (citing TEX. BUS. & COM. CODE § 26.02(b)). A "loan agreement" for purposes of the statute of frauds is defined to include promises by a financial institution to "delay repayment of money . . . or make a financial accommodation." *See* TEX. BUS. & COM. CODE § 26.02(a)(2). Therefore, any agreement regarding the modification of a loan or other financial accommodation in connection with a mortgage must be in writing to be valid. *See Martins*, 722 F.3d at 256. "Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.'" *Id.* at 256-57 (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App. – Houston 1992, writ denied)). Plaintiff does not allege that Wells Fargo promised to sign a written contract to treat the foreclosure sale as a "no sale" and, therefore, her promissory estoppel claim would be dismissed.[1]

---

[1] To the extent Plaintiff intended to argue standard estoppel or waiver, an essential, indeed central, element of the claim is intent, "which must be unequivocally manifested." *See Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015). Plaintiff does not allege facts that would indicate Wells Fargo's unequivocal intent to waive any claim to possession of the Property.

Plaintiff asserts an unjust enrichment claim based on Wells Fargo's acceptance of her $15,000 payment while she was seeking a loan modification. Under Texas law, however, an unjust enrichment claim fails where, as here, there is a valid, express contract governing the subject matter of the parties' dispute. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *McGowan & Co., Inc. v. Bogan*, 93 F. Supp. 3d 624, 652 (S.D. Tex. 2015). Because Plaintiff owed more than $15,000 under the Note, the payment was pursuant to a valid, express contract and the unjust enrichment claim fails.

Plaintiff asserts a laches claim, but laches is not an affirmative cause of action. *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 700 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014).

Plaintiff alleges that Wells Fargo violated the Texas Debt Collection Act ("TDCA") in connection with her loan modification application. Under Texas law, statements about a loan modification application are not covered by the TDCA. *See Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). As a result, Plaintiff's TDCA claim is subject to dismissal.

Plaintiff asserts a breach of contract claim relating to (1) the original Note and (2) a contract that the foreclosure sale would be considered a "no sale." With

reference to the claim relating to the original Note, Plaintiff admits that she failed to make timely payments required under the Note. A party in default cannot assert a claim for breach against the other party. *See, e.g., Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n*, 509 F. App'x 367, 369 (5th Cir. Jan. 30, 2013) (citing *Dobbins v. Redden*, 785 S.W. 377, 378 (Tex. 1990)). With reference to the breach of contract claim regarding the "no sale" comment, to show the existence of an enforceable contract, a plaintiff must allege, *inter alia*, that there was an offer and an acceptance in strict compliance with the terms of the offer. *See Gordon v. JP Morgan Chase Bank, N.A.,* 2012 WL 1552050, *2-3 (S.D. Tex. Apr. 30, 2012) (citing *Southern v. Goetting*, 353 S.W.3d 295, 299 (Tex. App. – El Paso 2011, reh'g denied)). In this case, Plaintiff alleges only that she spoke with a Defendant's bankruptcy attorney who stated that "At this time, we will consider [the foreclosure] a no sale unless our client tells us differently." *See* First Amended Complaint, ¶ 10. Plaintiff failed to allege a factual basis for a specific offer from Wells Fargo that was accepted by Plaintiff to form an enforceable contract. Additionally, as explained above, Plaintiff's breach of contract claim based on an alleged contract to treat the foreclosure sale as a "no sale" would be barred by the statute of frauds.

    Even had Plaintiff filed a timely response in opposition to Defendant's Motion to Dismiss, each of the claims asserted in Plaintiff's First Amended Complaint was

subject to dismissal on the merits. On this basis, also, the Court denies Plaintiff's Motion for Reconsideration.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to present a valid basis for reconsideration. Defendant's Motion to Dismiss and this Court's April 11 Order were sent electronically to three different addresses associated with Plaintiff's counsel. Additionally, Defendant's Motion to Dismiss was properly granted. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 28] is **DENIED**.

SIGNED at Houston, Texas, this **26th** day of **May, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE